# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>ROBERT ARON SPRENKLE,<br><br>　　　　Defendant | CASE No: 1:13-cr-000146-AWI-BAM-1<br><br>**ORDER ON MOTION FOR RECONSIDERATION OF ORDER DENYING COMPASSIONATE RELEASE**<br><br>(Doc. No. 53) |

　　On June 23, 2014, Defendant Robert Aron Sprenkle pled guilty to receipt or distribution of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). Doc. Nos. 21 and 23. On September 15, 2014, he was sentenced to 120 months in the custody of the federal Bureau of Prisons ("BOP"), Doc. Nos. 28-30, and he is currently incarcerated at FCI Coleman Low. Doc. No. 43-1.

　　On October 21, 2020, Sprenkle brought a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that his "underlying health conditions"—obesity, sleep apnea and being pre-diabetic—collectively increased the risk of a "poor outcome" if he contracted COVID-19. Doc. No. 43 at 4:21-28.[1] He also argued that his chances of COVID-19 infection were greatly increased because, *inter alia*: (i) social distancing was impossible in his crowded cubicle and dormitory; (ii) prison conditions were unsanitary due to lockdown, infrequent laundering and

---

[1] All page citations to documents filed with the Court electronically are to the page number in the CM/ECF stamp at the top of each page.

a lack of cleaning supplies; and (iii) he could not maintain his CPAP properly. Doc. No. 43-9. Finally, he argued that the Court had jurisdiction over his motion because more than 30 days had elapsed since he made administrative requests for release to his warden. Doc. No. 43 at 2:20-26.

The Court denied that motion for lack of jurisdiction on findings that the warden at FCI Coleman Low had denied both of Sprenkle's requests for compassionate release within the 30-day window provided by 18 U.S.C. § 3582(c)(1)(A) and that Sprenkle had failed to exhaust BOP's administrative appeal process in connection with either request, as required to invoke the jurisdiction of a district court. See Doc. No. 52 at 5. The Court also denied the motion on the alternative grounds that there were zero inmate COVID-19 cases at FCI Coleman Low at the time the motion was decided and, thus, Sprenkle could not demonstrate "extraordinary and compelling reasons" for compassionate release based on COVID-19 risk. Id. at 6.

In the instant motion, which was filed on March 22, 2021, Sprenkle seeks reconsideration of that order. Doc. No. 53.

The Ninth Circuit has stated that motions for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

Sprenkle sets forth no new facts or legal argument of consequence in the instant motion concerning the Court's jurisdiction, his health or prison conditions. See Doc. No. 52. Further, the BOP website shows there are currently no COVID-19 cases among inmates or staff at FCI Coleman Low. See https://www.bop.gov/coronavirus/ (last checked April 27, 2021). Sprenkle has therefore failed to satisfy the requirements for reconsideration and his motion will be denied. See Marlyn Nutraceuticals, 571 F.3d at 880.

//
//
//
//
//

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant Robert Aron Sprenkle's motion for reconsideration (Doc. No. 53) is DENIED.

IT IS SO ORDERED.

Dated: April 27, 2021

_____
SENIOR DISTRICT JUDGE